UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLTON AVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01291-JMB |
| | ) |
| OPTIMUM RV, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on self-represented plaintiff Colton Avis's application to proceed in the district court without prepayment of fees and costs. Based on plaintiff's financial information, the Court will grant the application. Additionally, on initial review, the Court will dismiss plaintiff's case without prejudice for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Because plaintiff is proceeding without payment of the filing fee, his complaint is subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 Fed. App'x 581 (8th Cir. 2008). Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

–1–

at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## The Complaint

Plaintiff sues his former employer, defendant Optimum RV, for gender and age discrimination under Title VII and that Age Discrimination in Employment Act (ADEA). Although he does not identify his gender or age in his complaint, based on his accompanying documents, plaintiff is male and is under the age of 30. *See* ECF No. 1-2 at 2.

He states that he worked for Optimum RV from October, 2023, through November 18, 2023. During this time, he alleges Optimum RV's office manager asked him to change his profile picture on his Facebook account. Additionally, on November 8, 2023, a new service manager asked him, "Is your name Peter? Because you look like a Peter-Puffer." (Compl. at 5). Finally, he had an accident while driving a forklift on Friday, November 10, 2023. The following Monday, November 13, 2023, he failed a drug test and was fired.

For damages, he seeks to be "caught up on truck payments" or a new truck. He also seeks the "maximum payment allowed for the scenario, whatever that may be." *Id.*

## Discussion

Plaintiff indicates he is suing for gender and age discrimination, but he has made no allegations that his gender or his age were involved in any decision to terminate him. Rather, he was involved in a minor forklift accident and failed a drug test three days later. He cites to an

inappropriate comment made by a new service manager, but the Court cannot find that the comment related to plaintiff's age or gender. And stray comments by coworkers do not rise to the level of actionable discrimination. *See, e.g., Sellars v. CRST Expedited, Inc.*, 13 F.4th 681, 696 (8th Cir. 2021) (finding coworker-on-coworker harassment not actionable unless the employer's own negligence caused the harassment). To the extent defendant's office manager asked plaintiff to change his Facebook profile picture, plaintiff has not alleged why he finds this request to be age or gender discriminatory.

Finally, plaintiff had 90 days from the receipt of the EEOC's right-to-sue letter to file this lawsuit. The EEOC specifically instructed plaintiff that "[his] right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days." (ECF No. 1-2 at 1). His right-to-sue letter was issued on May 30, 2024, and he received it on that same date. (Compl. at ¶ 7). Plaintiff filed this lawsuit 116 days later, on September 23, 2024. Therefore, even if he his allegations established a plausible claim for employment discrimination based on gender or age, his complaint was filed outside the federal statute of limitations for Title VII and ADEA claims. *See Anderson v. Unisys Corp.*, 47 F.3d 302, 308 (8th Cir. 1995).

For these reasons, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 26th day of September, 2024.

                                                                                          _____
                                                                                          HENRY EDWARD AUTREY
                                                                                          UNITED STATES DISTRICT JUDGE